# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | |
|---|---|
| **REGINALD C. WALKER,** | CASE NO.: |
| Plaintiff, | |
| | JUDGE: |
| v. | |
| **BEDFORD CITY SCHOOL DISTRICT;**<br>**BOARD OF EDUCATION** | |
| **DR. CASSANDRA J. JOHNSON,**<br>Superintendent of Bedford City School<br>District, (Individual and Official Capacity), | **COMPLAINT FOR VIOLATION**<br>**OF CIVIL RIGHTS**<br>*(42 U.S.C. §§ 1983,1988; Fourteenth*<br>*Amendment Procedural Due Process;*<br>*First Amendment; Equal Protection;* |
| **ANTHONY A. AKINS,**<br>Board President of the Bedford City<br>School Board of Education<br>(Individual and Official Capacity), | Liberty Interest Deprivation; Defamation;<br>Breach of Contract; Stored Communications<br>Action, 18 U.S.C. *§* 2701 (on information<br>and belief)) |
| **EVA BOYINGTON,**<br>Members of the Bedford City School<br>District Board of Education<br>(Individual and Official Capacity), | ***JURY TRIAL DEMANDED*** |
| **CHRIS CALLENDER,**<br>Members of the Bedford City School<br>District Board of Education<br>(Individual and Official Capacity), | |
| **ANGELIC CARTER,**<br>Members of the Bedford City School<br>District Board of Education<br>(Individual and Official Capacity), | |
| **MONTEZ MORTON,**<br>Members of the Bedford City School<br>District Board of Education<br>(Individual and Official Capacity), | |
| **PAUL WORSENCROFT,**<br>Employee of the Bedford City School | |

*Walker v. Bedford City School District, et al.*

District (Individual and Official Capacity),      )
                                        )
                 Defendants.          )

## PRELIMINARY STATEMENT

This action arises from the Bedford City School District's constitutionally deficient removal and public defamation of Reginald C. Walker, a licensed Ohio educator, veteran school administrator, and Career and Technical Education Coordinator at Bedford High School, who was stripped of his position without warning, without written charges, and without any opportunity to respond, and then publicly branded as a "severe misconduct" case before a single finding of fact had been made.

The District's constitutional failures are not a matter of debate. They are documented in the District's own commissioned investigative record. The independent investigator found that the most serious allegation against Mr. Walker, intoxication, was unsubstantiated. The investigator found that the practices for which Mr. Walker received formal public discipline were openly acknowledged by multiple administrators across the same building. And the investigator recommended a three-day unpaid suspension, not a public "severe misconduct" designation, not six-plus months on leave, and not the constitutional isolation Mr. Walker has endured. This office does not need a single additional document from the District to establish the core constitutional and defamation claims.

The "severe misconduct" label applied to Mr. Walker before investigation and without factual foundation is actionable on its own terms. Under the District's own policies and common educational community standards, "severe misconduct" encompasses criminal conduct, sexual abuse of students, and falsification of records. Not one of those categories was substantiated. The label was false, was applied publicly, and has damaged Mr. Walker's professional standing in the community in which he holds licensure and has built his career.

2

Mr. Walker's experience is not isolated. Within the same six-month period, September 2025 through March 2026, Superintendent Johnson placed two additional senior administrators on leave using the identical constitutional template. The pattern is documented across independent accounts. Municipal liability is independently established.

## I. JURISDICTION AND VENUE

1. This Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1343(a)(3) over Plaintiff's federal claims arising under 42 U.S.C. § 1983, the Fourteenth Amendment, the First Amendment, and the Stored Communications Act, 18 U.S.C. § 2701 et seq. This Court has supplemental jurisdiction over Plaintiff's state-law claims under 28 U.S.C. § 1367.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because all Defendants reside or are located in this judicial district, the Bedford City School District operates within this district, and all events giving rise to this action occurred within the Northern District of Ohio, Eastern Division.

## II. PARTIES

### A. Plaintiff

3. Plaintiff Reginald C. Walker is a resident of Solon, Ohio. At all times relevant to this Complaint, Mr. Walker was employed by the Bedford City School District as an Assistant Principal and CTE Coordinator at Bedford High School. Mr. Walker is a licensed Ohio educator with constitutionally protected property and liberty interests in his continued employment and professional reputation.

### B. Defendants

4. Defendant Bedford City School District (hereinafter "the District" or "BCSD") is a public school district organized and operating under the laws of the State of Ohio, with its principal offices located at 3 Hemisphere Way, Bedford, Ohio 44146. The District is a political subdivision of the State of Ohio and a person subject to suit under 42 U.S.C. § 1983. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978).

3

*Walker v. Bedford City School District, et al.*

5. Defendant Dr. Cassandra J. Johnson is and was at all relevant times the Superintendent of the Bedford City School District. She is sued in both her individual and official capacities. At all relevant times, she acted under color of state law as the District's final policymaking authority on personnel matters. Her personal participation on the speakerphone call through which Mr. Walker's leave was imposed, and her personal authorization of the "severe misconduct" designation without factual foundation, render qualified immunity unavailable. She is subject to punitive damages under *Smith v. Wade*, 461 U.S. 30 (1983).

6. Defendant Anthony A. Akins is and was at all relevant times the President of the Bedford City School District Board of Education. He is sued in both his individual and official capacities. At all relevant times, he acted under color of state law.

7. Defendants Eva Boyington, Chris Callender, Angelic Carter, and Montez Morton are and were at all relevant times Members of the Bedford City School District Board of Education. They are sued in both their individual and official capacities. Board members who had knowledge of a pattern of constitutional violations and failed to take corrective action bear individual § 1983 liability for deliberate indifference constituting tacit authorization.

## III. FACTUAL BACKGROUND

**A. Mr. Walker's Employment and Service Record**

8. Reginald C. Walker served as an educator and school administrator at the Bedford City School District in the dual roles of Assistant Principal and CTE Coordinator at Bedford High School, positions requiring state licensure, administrative certification, and daily responsibility for student discipline, academic programming, and building operations.

*Walker v. Bedford City School District, et al.*

9.  Mr. Walker had no prior disciplinary history with the District. His formal performance evaluations were uniformly positive. He had never been the subject of a formal complaint, a written reprimand, or any adverse employment action prior to October 3, 2025.

**B. The October 3, 2025 Removal — No Notice, No Charges, No Process**

10. On October 3, 2025, Security Supervisor Chuck Hudson came to the school cafeteria and directed Mr. Walker to accompany him to Mr. Walker's office. Upon arriving, Hudson instructed Mr. Walker to call Superintendent Johnson from Hudson's personal phone, on speakerphone. Superintendent Johnson then informed Mr. Walker that he was being placed on paid administrative leave effective immediately. When Mr. Walker asked why, the Superintendent replied only: "misconduct."

11. Mr. Walker was given no written notice of the allegations against him prior to his placement on leave. He was told none of the specific allegations. He was given no opportunity to respond, to present his account, or to challenge the basis for the action before it was imposed. He was directed to surrender his keys and identification badge on the spot.

12. The formal leave letter was not provided until October 6, 2025, three days after the verbal order was issued. That letter designated the basis as "severe misconduct." The three-day delay confirms that the constitutional minimum of written notice prior to adverse action was deliberately omitted.

13. On October 6, 2025, a written communication was distributed by the District publicly designating Mr. Walker's leave as being for "severe misconduct." Under the District's own policies and common understanding in the educational community, "severe misconduct" encompasses criminal conduct, sexual or physical abuse of a student, and falsification of official records.

5

*Walker v. Bedford City School District, et al.*

14. None of those categories have been substantiated against Mr. Walker at any point during the investigation. None appear in the investigative report. The public "severe misconduct" designation, transmitted to the community before investigation, before findings, and without factual foundation, constitutes an independently actionable injury to Mr. Walker's liberty interests, reputation, and professional standing.

**C. The District's Own Investigative Record — The Case Establishes Itself**

15. Following Mr. Walker's placement on leave, the District retained the Educational Service Center of Northeast Ohio to conduct an independent investigation. The investigation was conducted by Christopher G. Hanke. The resulting report is dated March 13, 2026, more than five months after Mr. Walker was removed from his position.

16. The Hanke Report investigated three categories of allegations: (1) failure to properly address a student's potential suicide threat; (2) improper student discipline protocols, including disparate discipline and improper handling of drug evidence; and (3) intoxication at school events. The Hanke Report made the following conclusions:

   a. *Allegation 1* — Suicide Threat Protocol: The Hanke Report found "insufficient evidence to substantiate" this allegation. Not sustained.

   b. *Allegation 3* — Intoxication: The Hanke Report found that while multiple individuals reported observing conduct they associated with intoxication, no positive test was administered, none of the witnesses detected the smell of alcohol on Mr. Walker, and none could "directly corroborate that he was under the influence of drugs/alcohol." The Report expressly found this allegation "unsubstantiated due to insufficient evidence." The most reputationally damaging allegation, the one most capable of professional destruction, was not proven.

6

*Walker v. Bedford City School District, et al.*

c.  *Allegation 2* — Discipline Protocols: The Hanke Report found that allegations of disparate student discipline and improper handling of drug evidence were substantiated. Critically, however, the Report documents that multiple Bedford High School administrators, not Mr. Walker alone, acknowledged these same practices as common institutional conduct. The Report states explicitly that "multiple High School administrators acknowledged that they would frequently throw away student drug evidence in the trash can" and that multiple administrators acknowledged issuing "disparate discipline for the same offense." Mr. Walker is specifically noted to be "newer to the District."

17. Despite this documented institutional practice across multiple administrators, the Hanke Report recommended discipline only as to Mr. Walker, a three-day unpaid suspension, retroactively applied. It did not recommend termination. It did not recommend continued leave. It did not use the phrase "severe misconduct." The District's "severe misconduct" designation appears nowhere in the Report that the District itself commissioned.

18. The gap between the investigator's recommendation (a three-day suspension) and the District's public characterization ("severe misconduct" encompassing criminal conduct and abuse) is not a matter of interpretation. It is the central injury in this case, and it is established entirely on the District's own documents.

**D. The Documented Institutional Pattern — Three Administrators, Six Months, One Superintendent**

19. Mr. Walker's removal was not an isolated act. Within a six-month period, September 2025 through March 2026, Superintendent Johnson placed three senior Bedford City School District administrators on leave using the identical constitutional template: no written notice before the

7

*Walker v. Bedford City School District, et al.*

adverse action, no disclosure of specific allegations, no opportunity to respond, no defined investigative timeline, and no substantiating evidence produced.

20. Ms. Khalisha A. Lewis, Head Principal of Bedford High School and Mr. Walker's direct supervisor, was placed on administrative leave on September 29, 2025, four days before Mr. Walker, and has remained on leave for more than six months without a substantiating finding, a defined process, or a constitutionally adequate resolution.

21. Dr. JaTina N. Threat, the District's Executive Director of Human Resources, was placed on administrative leave on March 6, 2026, while attending a professional conference, based on a personal off-duty social media comment on a matter of national political significance bearing no relationship to her official duties.

22. All three administrators experienced the same constitutional template, sudden removal by Superintendent Johnson, no pre-deprivation process, no written notice before adverse action, and no evidence-supported basis for the severity of treatment. Their accounts are independently corroborated without coordination. This is not a pattern constructed by counsel. It is a pattern documented in the District's own records and institutional history.

23. The School Board, Defendants Akins, Callender, Boyington, Carter, and Morton, had notice of this pattern beginning with Ms. Lewis's placement on leave in September 2025, and had ongoing notice throughout the six-month period during which all three administrators remained on leave without resolution. The Board took no corrective action. Each day of deliberate indifference constitutes a separate and independent constitutional violation.

*Walker v. Bedford City School District, et al.*

**E. Electronic Surveillance — On Information and Belief**

24. On information and belief, Superintendent Johnson directed the District's information technology personnel to access Mr. Walker's District-issued email account without his authorization, during the period of his administrative leave and the active investigation of the allegations against him. This office has made written demand on the District for confirmation of whether Mr. Walker's account was accessed. The District has not responded as of the date of this filing.

25. Documentary confirmation has been obtained in the concurrent matter of Dr. JaTina N. Threat, the District's own HR Director, that Superintendent Johnson directed the IT Director to access Dr. Threat's District email account during the period of her administrative leave. The same pattern of conduct that has been confirmed as to Dr. Threat is reasonably alleged as to Mr. Walker on information and belief, given the documented institutional pattern of conduct.

26. The District's non-response to a direct written surveillance inquiry submitted with an explicit response deadline will be presented to this Court as evidence of awareness and intentional concealment. Plaintiff reserves the right to amend this Complaint upon discovery of the full scope of any electronic account access.

## IV. CAUSES OF ACTION

### COUNT I
*Procedural Due Process — Fourteenth Amendment / 42 U.S.C. § 1983*
*Against Defendant Johnson and the Bedford City School District*

27. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

28. At all times relevant to this action, Plaintiff Reginald C. Walker was a public employee of the Bedford City School District with a protected property interest in continued employment under

9

*Walker v. Bedford City School District, et al.*

his employment contract and under Ohio law. Cleveland Board of Education v. Loudermill, 470 U.S. 532 (1985).

29. The Fourteenth Amendment's Due Process Clause prohibits the deprivation of a protected property interest without the minimum procedural protections established in Loudermill: notice of the charges, an explanation of the employer's evidence, and an opportunity to respond before the adverse action is imposed.

30. Defendant Johnson, acting under color of state law, placed Mr. Walker on administrative leave on October 3, 2025, without providing written notice of the specific allegations against him, without disclosing the evidence underlying the decision, and without affording him any opportunity to respond prior to imposition of the adverse action. These failures independently and collectively constitute a violation of Mr. Walker's clearly established Fourteenth Amendment rights.

31. The leave was executed through a security escort, a speakerphone call, and an immediate surrender of access credentials, a sequence designed to foreclose any pre-deprivation response. The formal leave letter arrived three days later. This sequencing was not inadvertent. It is the same constitutional template applied to at least two other senior administrators within the same six-month period.

32. The Bedford City School District is liable under Monell v. Department of Social Services, 436 U.S. 658 (1978), because the constitutional violation resulted from (a) the deliberate decisions of Superintendent Johnson as the District's final policymaker on personnel matters, and (b) a well-settled custom of constitutional deprivation documented across three separate matters, a custom of which the Board had notice and which it failed to correct.

10

*Walker v. Bedford City School District, et al.*

33. As a direct and proximate result of this violation, Mr. Walker has suffered lost professional opportunity, reputational harm, emotional distress, and the constitutional injury of deprivation without process.

## COUNT II

### *Liberty Interest Deprivation — "Severe Misconduct" Without Factual Foundation*

### *Against Defendant Johnson and the Bedford City School District*

34. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

35. A public employee possesses a protected liberty interest in his professional reputation and standing. Where a governmental employer makes a public stigmatizing statement in connection with an adverse employment action, foreclosing the employee's freedom to pursue other employment opportunities, the employer must afford the employee a name-clearing hearing. *Board of Regents v. Roth*, 408 U.S. 564 (1972).

36. 39. On October 6, 2025, the District publicly designated Mr. Walker's leave as being for "severe misconduct." Under the District's own policies and the commonly understood meaning in the educational community, "severe misconduct" encompasses criminal conduct, sexual or physical abuse of students, and falsification of official records.

37. None of those categories were substantiated by the investigation. The most serious allegation, intoxication, was expressly found unsubstantiated. The investigator's recommendation was a three-day suspension. The published "severe misconduct" designation was false, was known or should have been known to be false at the time of publication and forecloses professional opportunity for Mr. Walker in the educational community in which he holds licensure.

11

*Walker v. Bedford City School District, et al.*

38. No name-clearing hearing has been offered. No retraction of the designation has been issued. The stigma persists to the date of this filing.

39. As a direct and proximate result of this deprivation, Mr. Walker has suffered harm to his professional reputation, interference with his ability to pursue employment in education, and ongoing reputational injury in the community in which he has built his career.

## COUNT III

### *Equal Protection — Selective and Disparate Discipline*
*Against Defendant Johnson and the Bedford City School District*

40. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

41. The Fourteenth Amendment's Equal Protection Clause prohibits a governmental employer from intentionally treating a similarly situated employee differently without rational basis. *Village of Willowbrook v. Olech*, 528 U.S. 562 (2000).

42. The Hanke Report, the District's own commissioned investigative record, establishes that multiple administrators at Bedford High School engaged in the same practices for which Mr. Walker received formal public discipline. The Report documents that multiple High School administrators acknowledged identical conduct as common institutional practice. Mr. Walker was singled out for formal discipline and public stigmatizing designation despite this documented institutional equivalence.

43. The District has provided no rational basis, justification, or explanation for why Mr. Walker, and not the other administrators who engaged in the same conduct, received formal discipline, a public "severe misconduct" designation, and more than six months on leave. The investigator's own notation of Mr. Walker's relative newness to the District as a mitigating factor underscores the arbitrariness of the selective application.

*Walker v. Bedford City School District, et al.*

44. Defendant Johnson, as the final policymaking authority who directed and authorized this selective outcome, is individually liable for this constitutional violation.

## COUNT IV

### *Monell Municipal Liability — Pattern and Practice*
*Against the Bedford City School District and Board Members in Their Individual Capacities*

45. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

46. Municipal liability under 42 U.S.C. § 1983 attaches when a plaintiff demonstrates that a constitutional violation resulted from (1) an official policy or custom of the municipality; (2) a decision by a person with final policymaking authority; or (3) deliberate indifference to a known pattern of constitutional violations. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978); *City of Canton v. Harris*, 489 U.S. 378 (1989).

47. The Bedford City School District, through Superintendent Johnson as its final policymaker on personnel matters, established and implemented a well-settled custom of placing senior administrators on leave without pre-deprivation process, without written notice, without disclosure of allegations, and without substantiating evidence, a custom documented across three separate matters within a single six-month period.

48. The Board of Education, Defendants Akins, Callender, Boyington, Carter, and Morton, had actual notice of this pattern beginning with Ms. Lewis's placement on leave in September 2025. The Board had ongoing notice throughout the six-month period during which all three administrators remained on leave. The Board's failure to intervene, investigate, or correct this pattern over a sustained period constitutes deliberate indifference to known constitutional violations and tacit authorization of Superintendent Johnson's conduct.

13

*Walker v. Bedford City School District, et al.*

49. Each Board member's deliberate indifference, in the face of documented, ongoing, and escalating constitutional deprivations, constitutes individual § 1983 liability. Elected officials who exercise supervisory authority and fail to intervene when they know of constitutional violations are not shielded by qualified immunity where the right was clearly established.

50. The District's Monell liability is independently supported by the repeated application of the "severe misconduct" designation, a stigmatizing public label without factual foundation, as an institutional tool under Johnson's authority.

## COUNT V

### *Defamation*
*Against Defendant Johnson in Her Individual Capacity and the Bedford City School District*

51. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

52. 55. On October 6, 2025, the District, acting through and at the direction of Superintendent Johnson, published a written communication to the school community publicly designating Mr. Walker's leave as being for "severe misconduct."

53. The "severe misconduct" designation is a false statement of fact. The District's independent investigator did not find severe misconduct. The most serious allegation, intoxication, was expressly found unsubstantiated. The investigator's recommendation was a three-day suspension. The published designation was false, was known or should have been known to be false at the time of publication, and was made with actual malice or at minimum with reckless disregard for its truth or falsity.

54. The statement was published to members of the school community, parents, staff, and others, a publication that damaged Mr. Walker's professional reputation in the educational community in which he works, holds licensure, and seeks continued employment.

14

*Walker v. Bedford City School District, et al.*

55. As a direct and proximate result of this defamation, Mr. Walker has suffered reputational harm, professional stigma, emotional distress, interference with employment opportunities, and other damages in amounts to be proven at trial.

## COUNT VI

### *Breach of Employment Contract*
*Against the Bedford City School District*

56. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

57. At all relevant times, Plaintiff Reginald C. Walker was employed by the Bedford City School District pursuant to an employment contract that established the terms and conditions of his employment, including applicable procedural protections.

58. The District breached its contractual obligations to Mr. Walker by: (a) placing him on leave without the notice and procedural protections required under his employment contract; (b) publicly designating him as being under investigation for "severe misconduct" without factual foundation and in a manner inconsistent with the investigative findings; and (c) failing to restore his personnel file to a condition accurately reflecting the investigative outcome.

59. As a direct and proximate result of the District's breach, Mr. Walker has suffered economic and reputational damages in amounts to be proven at trial.

## COUNT VII

### *Stored Communications Act — 18 U.S.C. § 2701 et seq.*
*On Information and Belief Against the Bedford City School District and Defendant Johnson*

60. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

61. On information and belief, and based on the District's documented pattern of unauthorized electronic account access, confirmed as to Dr. JaTina N. Threat and demanded in writing as to

15

*Walker v. Bedford City School District, et al.*

Mr. Walker, Superintendent Johnson directed the District's IT personnel to access Mr. Walker's District-issued email account (rcwalker@bedfordschools.org) without his authorization, during the period of his administrative leave.

62. The Stored Communications Act, 18 U.S.C. § 2701 et seq., prohibits the intentional, unauthorized access to stored electronic communications. Civil liability under 18 U.S.C. § 2707 includes actual damages, punitive damages, and attorney's fees.

63. Plaintiff has made written demand on the District for confirmation of whether his electronic accounts were accessed during his leave. The District has not responded. The District's silence on a direct written inquiry submitted with an explicit response deadline will be presented as evidence of awareness and concealment.

64. Plaintiff reserves the right to amend this count upon discovery of the full scope of any electronic account access.

### V. DAMAGES

65. As a direct and proximate result of Defendants' actions described herein, Plaintiff Reginald C. Walker has suffered and continues to suffer the following damages:

- Reputational injury and professional stigma resulting from the false "severe misconduct" public designation;
- Emotional distress, anxiety, and dignitary harm caused by the deliberate and public nature of Defendants' conduct;
- Lost professional opportunity, interference with career advancement, and foreclosed employment in the educational community in which Mr. Walker holds licensure;
- Loss of income and benefits from the date of adverse action through the date of judgment;

*Walker v. Bedford City School District, et al.*

- Violation of constitutional rights under the Fourteenth Amendment (Due Process and Equal Protection) and the First Amendment, entitling Plaintiff to compensatory and punitive damages;

- Attorney's fees and costs pursuant to 42 U.S.C. § 1988 and 18 U.S.C. § 2707; and

- Such other damages as shall be proven at trial.

66. Punitive damages are independently warranted against Defendant Johnson in her individual capacity, and against each individual Board Defendant in their individual capacities, for their knowing, deliberate, and reckless disregard of Mr. Walker's clearly established constitutional rights, including the personal application of the "severe misconduct" label without factual foundation, the personal direction of the speakerphone removal with no pre-deprivation process, and the deliberate indifference to a documented ongoing pattern of constitutional violation.

### VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff Reginald C. Walker respectfully requests that this Court enter judgment in his favor and against all Defendants, and award the following relief:

- A declaration that Defendants violated Mr. Walker's rights under the Fourteenth Amendment's Due Process and Equal Protection Clauses, the First Amendment, and 42 U.S.C. § 1983;

- Compensatory damages for reputational injury, emotional distress, lost professional opportunity, interference with career advancement, and all other actual damages sustained, in amounts to be proven at trial;

- Punitive damages against Defendant Cassandra J. Johnson in her individual capacity, and against each individual Board Defendant in their individual capacities, for their knowing, deliberate, and reckless disregard of Mr. Walker's clearly established constitutional rights;

- An order directing the immediate and complete expungement of the "severe misconduct" designation and all adverse or stigmatizing references from Mr. Walker's personnel file;

17

*Walker v. Bedford City School District, et al.*

- An order directing the District to transmit a written correction of the October 6, 2025 "severe misconduct" communication to all persons and entities who received it;

- A constitutionally adequate name-clearing hearing, if not mooted by other relief granted;

- An award of back pay and accrued compensation from October 3, 2025, through the date of judgment, including all contract-based entitlements;

- Attorney's fees and costs under 42 U.S.C. § 1988 and 18 U.S.C. § 2707;

- Pre-judgment and post-judgment interest as permitted by law; and

- Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff Reginald C. Walker hereby demands a trial by jury on all claims so triable.

Respectfully submitted,

**Karrie D. Howard, Esq., 0082858**
Howard Legal Services LLC
1414 S. Green Rd., Ste. 203 PMB 16
South Euclid, Ohio 44121
(330) 774-9198
khoward@howardlegalservices.com

*Counsel for Plaintiff Reginald C. Walker*

18